**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Grady Blackwell,<br><br>Defendant. | No. CR-13-01462-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant Grady Blackwell's Motion for Early Termination of Supervised Release. (Docs. 340, 341.) The Government has filed a Response. (Doc. 343.) For the following reasons, the motion is denied.[1]

**I.**

On March 9, 2015, United States District Judge Neil V. Wake sentenced Defendant to five years of imprisonment (with credit for time served) for his involvement in a cross-country marihuana shipping case. (Doc. 268.) Defendant was also placed on four years of supervised release. (*Id.*) According to the U.S. Bureau of Prison's website, Defendant was released on March 22, 2017. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 7, 2020). (*See also* Doc. 338 ¶ 2.) By the Court's calculation, Defendant's supervised release is set to expire in less than four months, on March 22, 2021.

---

[1] Neither party has requested oral argument. Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Defendant filed the instant motion on October 26, 2020.[2] (Docs. 340, 341.) The Government filed a response in opposition. (Doc. 343.) Defendant has not timely filed a reply.

## II.

A district court has broad discretion to impose terms of supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014); 18 U.S.C. § 3583(e)(1). This includes the discretion to terminate such release after a defendant has served one year of supervised release. *Id*. In deciding whether to terminate supervision, the courts must review sentencing factors including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a) (5), (a)(6), and (a)(7).

*United States v. Smith*, 219 Fed. Appx. 666, 667 n.3 (9th Cir. 2007). A district court need "not give an elaborate explanation of its reasons for accepting or rejecting" a defendant's arguments with respect to supervised release, and it "need not tick off each of the [relevant] § 3553(a) factors to show that it has considered them." *United States v. Emmett*, 749 F.3d 817, 821–22 (9th Cir. 2014) (citation omitted).

## III.

Defendant moves for the early termination of his supervised release. He offers various arguments in support of his motion, including that he has been employed since his release from custody, "has maintained a stable residence in a safe and low-crime

---

[2] Defendant also filed a motion for early termination of supervised release on September 19, 2019 (Doc. 337), which the Court denied. (Doc. 339.)

environment for his family and himself," has "remarkable ties with his family," "timely pays his taxes," and has successfully complied with the terms of his supervised release.[3] (Doc. 340 at 1-2.) The Court agrees and acknowledges that these facts are commendable.

Nonetheless, the Court is also mindful of the Government's argument that due to an extensive criminal history of approximately 20 prior convictions, Defendant's initial sentencing range was 188–235 months. Due to his advanced age and other factors, the Government and Defendant ultimately stipulated that his sentence would not exceed 60 months (Doc. 189), which the Court accepted. (Doc. 268.) The Court agrees that, in light of the "benefits" that Defendant has already received in this case, as well as the limited time remaining on supervised release, it is appropriate for Defendant to complete his full term of supervised release. (Doc. 343 at 2.) Upon consideration of these facts, the relevant sentencing factors, and the parties' briefing, the Court will deny Defendant's motion.

**IV.**

Accordingly,

**IT IS ORDERED denying** Defendant's Motion for Early Termination of Supervised Release. (Docs. 340, 341.)

**IT IS FURTHER ORDERED** directing the U.S. Probation Office to send a copy of this Order to Defendant's last known mailing address.

Dated this 7th day of December, 2020.

Michael T. Liburdi
United States District Judge

---

[3] Defendant also asserts that he "has spoken with his Probation Officer, Ms. Richardson, and . . . she will not object if the Court deems the early termination of his supervised release appropriate based on Movant's post-release conduct." (Doc. 340 at 2.) As the Government notes, this position is not otherwise reflected on the record in this case. (Doc. 343 at 2.) Even if it were, for the reasons that follow, it would not affect the Court's ruling on this matter.